UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MOBILE SHELTER SYSTEMS USA,
INC.,

        Plaintiff,

v.                                                                CASE NO. 3:10-cv-978-J-37JBT

GRATE PALLET SOLUTIONS, LLC.,
and THOMAS R. BUCK,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Seal Plaintiff's Expert Report and Exhibits and Supporting Memorandum of Law ("the Motion") (Doc. 92).  For the reasons stated herein, the Motion is due to be **GRANTED**.

## I.   Background

On October 7, 2011, Defendants filed their Motion to Seal Plaintiff's Expert Report and Exhibits and Incorporated Memorandum of Law ("Defendants' Motion to Seal") (Doc. 76).  In that motion, Defendants requested an order allowing them to file under seal the entire, unredacted report of Dr. Charles Benedict dated September 30, 2011 ("Dr. Benedict's Expert Report"), as well as the supporting exhibits.  (*Id.*)  Alternatively, Defendants requested an order requiring Plaintiff to demonstrate that sealing the documents is necessary.  (*Id.* at 2.)  In its Order of October 13, 2011, the Court granted Defendants' Motion to Seal with respect to their alternative request, and denied the motion in all other respects.  (Doc. 79.)  Accordingly, the Court gave Plaintiff until October 27, 2011 to file an appropriate motion to seal Dr. Benedict's Expert Report and the supporting exhibits.  (*Id.*)  Plaintiff complied by filing the Motion on October 27,

2011.  (Doc. 92.)

In the Motion, Plaintiff moves the Court for an order permitting Defendants to file under seal Dr. Benedict's Expert Report, unredacted and in its entirety, as well as Exhibits 1 through 30 attached to the report.  (*Id.* at 2-3.)  The subject report contains Plaintiff's expert's comparative analysis of both parties' products, including measurements of certain features of the products.  (*Id.* at 3.)  The subject exhibits consist of photographs of the parties' products, which "depict a piece-by-piece breakdown of the parties' products, showing specific dimensions, measurements, components, and configurations" and "show the products in their entirety, as well as close-ups of and side-by-side comparisons of each individual product parts [sic] which are at issue in this case."  (*Id.*)  As explained in Defendants' Motion to Seal, Defendants wish to file these documents under seal in support of their pending Motion in Limine to Exclude Expert Testimony of Charles Benedict and Incorporated Memorandum of Law ("the Motion in Limine") (Doc. 81)*.*  (*See* Doc. 76 at 2.)  Thus, the present Motion is unopposed and ripe for resolution.

## II.    Legal Standard

As an initial matter, whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential, because the public has "a common-law right to inspect and copy judicial records and public documents."  In re *Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted).  Although "material filed with discovery motions is not subject to the common-law right of access, . . . discovery material filed in connection

with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (per curiam).  Although Plaintiff asserts that the common-law right of access does not apply (*see* Doc. 92 at 4-5), the Court need not decide this issue as Plaintiff has satisfied the applicable standard, regardless of whether the Court views the Defendant's Motion in Limine as more akin to a discovery motion or a motion that requires judicial resolution of the merits.  Accordingly, the Court will assume that the common-law right of access does apply, and apply the appropriate standard.

The public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. *See id.* at 1313; *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  Good cause "generally signifies a sound basis or legitimate need to take judicial action."  In re *Alexander*, 820 F.2d at 356.  For good cause, the court may:

> issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . .
>
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

FED. R. CIV. P. 26(c)(1).

If the court finds that good cause exists, the court must then balance the interest

in obtaining access to the information against the interest in keeping the information confidential. *Chicago Tribune*, 263 F.3d at 1313.  In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246 (citations omitted).  Moreover, even in the absence of a third party challenging the protection of information, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

In the United States District Court for the  Middle District of Florida, Local Rule 1.09(a) addresses requests to file papers under seal and sets forth the procedural framework to which a filer must adhere.  Local Rule 1.09(a) provides:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.  The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . .  Every order sealing any item pursuant [to] this section shall state the particular reason the seal is required.

M.D. Fla. R. 1.09(a).

## III.   Analysis

Defendants seek to file Dr. Benedict's Expert Report, and the supporting exhibits, in support of their Motion in Limine.  (Doc. 76.)  The subject report contains Plaintiff's expert's comparative analysis of both parties' products, including measurements of certain features of the products.  (Doc. 92 at 3.)  The subject exhibits consist of photographs of the parties' products, which "depict a piece-by-piece breakdown of the parties' products, showing specific dimensions, measurements, components, and configurations" and "show the products in their entirety, as well as close-ups of and side-by-side comparisons of each individual product parts [sic] which are at issue in this case."  (*Id.*)

Plaintiff represents that Dr. Benedict's Expert Report "consists of highly confidential and proprietary information regarding both Plaintiff's and Defendant's [sic] products" (*id.*), "which is the result of approximately ten (10) years of research and engineering" (*id.* at 6).  Plaintiff states that the information contained in the Report and Exhibits "is not available to the public as the products are not readily available for retail purchase."  (*Id.*)  Given that "[t]he design schematics are solely provided to the Government for evaluation purposes and not available to the public," Plaintiff asserts that "the public will not be harmed by restricted access to the documents."  (*Id.*)

Plaintiff further states, "The detail by which Dr. Benedict analyzes and documents Plaintiff's products is enough to allow a competitor to 'reverse-engineer' those very products."  (*Id.* at 3.)  Plaintiff asserts that "[i]f [Dr. Benedict's Expert Report] is entered

into public record, Plaintiff's competitors, including Defendants themselves, will gain an unfair advantage from the engineering specifications contained therein." (*Id.* at 4.)

It appears that Plaintiff incurred significant expense to develop its products, and that public disclosure of Dr. Benedict's Expert Report and/or the supporting exhibits would create a significant risk of injury to Plaintiff.  The Court also finds that the public's interest in access to the information contained in the subject documents is minimal.  Upon due consideration, the Court finds good cause to seal Dr. Benedict's Expert Report and the supporting exhibits.  In light of the factors enumerated in *Romero*, 480 F.3d at 1246, the Court finds that Plaintiff's interest in keeping the subject documents confidential outweighs the public's interest in access.

The Court also finds that Local Rule 1.09(a) has been satisfied.  Plaintiff has sufficiently identified and described the items proposed for sealing.  (Doc. 92 at 3.) Defendants have sufficiently explained why filing is necessary.  (Doc. 76.)   As discussed above, Plaintiff has provided sufficient explanations for why sealing is necessary. Further, the Court accepts Defendants' assertion that it must file the subject documents, unredacted and in their entirety (*see* Doc. 76 at 2).  Accordingly, the Court finds that there are no satisfactory alternatives to sealing the subject documents.

Regarding the duration of the seal, Plaintiff proposes that the seal last until the conclusion of this litigation, and, within sixty days thereafter, the subject documents be returned to Plaintiff or destroyed.  (Doc. 92 at 4.)  For the reasons discussed herein, the Court finds that public disclosure of the subject documents at any foreseeable time would be harmful to Plaintiff.  Accordingly, the Court finds good cause to seal the

6

subject documents until further order of the Court.  *See* M.D. Fla. R. 1.09(c).  Plaintiff should file a motion to have the documents returned at the conclusion of this litigation. Finally, Plaintiff included a memorandum of legal authority in the Motion.

**IV.    Conclusion**

For the reasons discussed herein, the Court finds that sealing of the subject documents is necessary.  *See* M.D. Fla. R. 1.09(a).

Accordingly, it is **ORDERED**:

1.      The Motion (**Doc. 92**) is **GRANTED** to the extent that, if Defendants choose to file any of the following subject documents, they must file such documents under seal at the earliest opportunity but **no later than November 10, 2011**:

a.      the unredacted, nine-page report of Dr. Charles Benedict, dated September 30, 2011;

b.      Exhibits 1 through 30 attached to Dr. Benedict's September 30, 2011 report.

2.      Those documents shall remain sealed **until further order of the Court**. At the conclusion of this litigation, Plaintiff should move to have the subject documents returned.

**DONE AND ORDERED** at Jacksonville, Florida, on November 1, 2011.

*Joel B. Toomey*
_____
JOEL B. TOOMEY
United States Magistrate Judge

7

Copies to:    Counsel of Record