**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MOBILE SHELTER SYSTEMS USA, INC.,

    Plaintiff,

vs.                                                                   Case No. 3:10-cv-978-J-37JBT

GRATE PALLET SOLUTIONS, LLC, and
THOMAS R. BUCK,

    Defendants.

---

**ORDER**

This matter is before the Court on the issue of sanctions. The Court previously notified Plaintiff, Plaintiff's counsel, James D. Rosenblatt and Chessa L. Akins, and Plaintiff's counsel's law firm, The Rosenblatt Law Firm (together the "Sanction Parties"), that the Court would consider whether it would be appropriate to sanction the Sanction Parties for advancing a frivolous patent infringement claim. (*See* Doc. No. 71.) The Court referred this matter to the Magistrate Judge for a Report and Recommendation, including detailed findings regarding the prefiling investigation conducted and, if warranted, proposed sanctions. (*Id.* at 1, 7.) Among other things, the Court expressed an interest in learning:

1. Who conducted the pretrial investigation?

2. Did Plaintiff or lead trial counsel engage patent counsel to prepare formal or informal infringement, invalidity and enforceability opinions?

3. Was there an inquiry as to the legal basis of Plaintiff's claim?

4. Did counsel comply with their affirmative duty to investigate the facts relevant to the '476 patent and the alleged infringement by Defendants of the claims of that patent?

5.   Did Plaintiff consider and reject asserting a claim under the reissue patent? (*See id.* at 6.)  The Court directed the Sanction Parties to respond to its Order.  (*Id.* at 7.) The Sanction Parties filed a timely response, which presented argument as well as evidence in support of their position. (Doc. No. 77.)  The Magistrate Judge took the matter under consideration and issued a Report and Recommendation on November 10, 2011. (Doc. No. 100).  After a thorough and comprehensive review of the submissions of the Sanction Parties and the applicable case law, the Magistrate Judge recommended that no sanctions issue.  (*Id.*)  Defendants filed objections to the Report and Recommendation (Doc. No. 104), to which the Sanction Parties responded (Doc. No. 105).  This matter is now ripe for adjudication.

In view of the Court's determination that all of the claims brought by Plaintiff in this lawsuit are without merit (*see* Doc. No. 113), the Court is tempted to impose sanctions on Plaintiff and Plaintiff's counsel.  The Court is mindful, however, that the conclusion of this lawsuit has repercussions apart from the award of sanctions, such as the barriers of issue and claim preclusion to future lawsuits, potential choses in actions that Defendants may bring against Plaintiff for asserting the various claims in this lawsuit, and potential awards of attorney's fees in this case.  The Court also recognizes that this matter has consumed a substantial amount of judicial resources so far – resources which would continued to be expended if sanctions were imposed and appealed.  In the Court's view, this case has advanced to a point where judicial labor should end.

Upon independent review of the file, and for the reasons stated in the Report and Recommendation issued by the Magistrate Judge (Doc. No. 100), the Court overrules Defendants' objections and adopts the Report and Recommendation as the opinion of the

Court. Accordingly, it is hereby **ORDERED** that Defendants' objections to the Report and Recommendation (Doc. No. 104) are **OVERRULED** and the Report and Recommendation (Doc. 100) of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on January 13, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record